CALMES *et al. v.* CUNNINGHAM *et al.*

(Division A. Oct. 23, 1939. Suggestion of Error Overruled Nov. 20, 1939.)

[191 So. 488. No. 33839.]

**L. L. Martin,** of Macon, for appellants.

**Jesse P. Stennis** and **Spinks & McCully**, of DeKalb, for appellee.

Argued orally by **L. L. Martin,** for appellant, and **L. J. Spinks,** for appellee.

**Anderson, J.,** delivered the opinion of the court.

Twelve of the parties to this cause are tenants in common of certain farm lands in Noxubee County. Appel-

lant, Mrs. Calmes, holds a deed of trust on the lands. Appellant, Martin, is the trustee in the deed of trust. The indebtedness secured by the deed of trust was past due. The trustee, at Mrs. Calmes' request, was proceeding to foreclose in pais, when two of the tenants in common, appellees, J. B. Cunningham and Mrs. Bettie Brame, filed their bill for partition and to enjoin the foreclosure until certain equities were settled between the tenants in common. Mrs. Calmes and the trustee and all the other tenants in common were made parties defendant. A temporary injunction was prayed for and issued restraining the foreclosure. Mrs. Calmes and her trustee answered the bill, making their answer a general demurrer. The cause was heard on motion to dissolve the injunction upon original bill and demurrer. The motion was overruled and an appeal granted to settle the principles of the cause.

The case made by the bill is in substance as follows: All the tenants in common borrowed from Mrs. Calmes the sum of $2,297.91, for the payment of which they executed their promissory note in her favor, and, to secure the payment of the same, gave a deed of trust on the lands involved. For some years certain of the tenants in common had been in the use and occupation of the lands receiving all the income therefrom, for which they were due to account to the other tenants in common. In other words, there were certain equities existing between the tenants in common, which the bill sought to have determined and settled before the foreclosure. The bill admits the validity of Mrs. Calmes' note and deed of trust and the amount due thereunder. It asks no relief against her and her trustee except that the foreclosure be stayed until the equities are settled between the tenants in common. Putting it differently, the real litigation was between the tenants in common and not between them or any of them and Mrs. Calmes. The bill neither tenders nor offers to pay the amount admitted to be due under the deed of trust. It charges that if the foreclosure takes

place pending the litigation between the tenants in common, the complainants will suffer irreparable injury; that the lands are sufficient in value and more to pay the indebtedness. In the answer Mrs. Calmes and her trustee denied the allegation as to value and that complainants will suffer irreparable injury.

To sustain the decision of the chancellor, the complainants rely on the principle laid down in Griffith's Chancery Practice, Section 456, which in substance is that an injunction should not be dissolved before final hearing where dissolution will entirely defeat all practical relief even though the complainants succeed in obtaining a decree. It is true that the Mississippi Decisions referred to in that work amply support that principle, but we are of opinion that it has no application in this case. No relief is asked against Mrs. Calmes and her trustee, except that they stand by until the questions between the other parties are litigated to an end. To sustain the injunction in this case would amount to a mortgage moratorium more liberal than our recent mortgage moratorium statute, for the litigation between the other parties might continue longer than two years. If the validity of the note and deed of trust were being attacked, it would be a different question.

Reversed and remanded.